# EXHIBIT 5

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL SHAK, SHK DIVERSIFIED, LLC (and/or their successors in interest),<br><br>                    Plaintiffs,<br><br>      v.<br><br>JP MORGAN CHASE & CO.,<br>J.P. MORGAN CLEARING CORP.,<br>J.P. MORGAN SECURITIES LLC,<br>J.P. MORGAN FUTURES, INC. (merged with and into J.P. MORGAN SECURITIES LLC),<br><br>                    Defendants. | Case No. 15 Civ. 992 (PAE)<br><br>Hon. Paul A. Engelmayer |
| THOMAS WACKER,<br><br>                    Plaintiff,<br><br>      v.<br><br>JP MORGAN CHASE & CO.,<br>J.P. MORGAN CLEARING CORP.,<br>J.P. MORGAN SECURITIES LLC,<br>J.P. MORGAN FUTURES INC. (merged with and into J.P. MORGAN SECURITIES LLC),<br><br>                    Defendants. | Case No. 15 Civ. 994 (PAE)<br><br>Hon. Paul A. Engelmayer |
| MARK GRUMET,<br><br>                    Plaintiff,<br><br>      v.<br><br>JP MORGAN CHASE & CO.,<br>J.P. MORGAN CLEARING CORP.,<br>J.P. MORGAN SECURITIES LLC,<br>J.P. MORGAN FUTURES INC. (merged with and into J.P. MORGAN SECURITIES LLC),<br><br>                    Defendants. | Case No. 15 Civ. 995 (PAE)<br><br>Hon. Paul A. Engelmayer |

## <u>DEFENDANTS' DISCLOSURE OF NON-RETAINED EXPERT WITNESS NOT REQUIRED TO PROVIDE WRITTEN REPORT</u>

Pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure (the "Federal Rules"), and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Rules"), Defendants hereby identify the following individual who is an employee of JP Morgan Chase & Co. ("JP Morgan") and may be called to provide expert testimony, but who is not required to provide a written report:

**<u>Michael Nowak</u>:** Michael Nowak is the Global Head of Base and Precious Metals Trading for JP Morgan. Mr. Nowak holds a Bachelor of Science in Mechanical Engineering from Duke University, which he earned in 1996.

Mr. Nowak has worked at JP Morgan since 1996. During this time, Mr. Nowak's responsibilities have included trading precious metals and managing traders who trade precious metals, including but not limited to understanding, supervising, and executing trades, analyzing market trends, managing risk, overseeing implementation of and compliance with JP Morgan policies and procedures, and various managerial duties associated with his position. His current responsibilities at JP Morgan include managing the teams responsible for trading base and precious metals, including silver.

Mr. Nowak's testimony is expected to help the trier of fact understand certain evidence that will be put before it. The following is a summary of the facts and opinions to which Mr. Nowak is expected to testify:

- the basics of silver trading, including but not limited to relevant participants and their roles, market structure, regulatory oversight, and market history;

- the features and mechanisms of trading various silver instruments, including swaps, options, futures, spreads, and forward contracts;

- the risks of trading various silver instruments, including swaps, options, futures, spreads, and forward contracts;

- the interchangeability of various silver instruments, including swaps, options, futures, spreads, and forward contracts;

- the interchangeability of silver futures contracts of different maturities with one another;

- silver trading strategies, including over-the-counter ("OTC") trading and futures trading, hedging and arbitrage between the two and other instruments, and the opinion that JP Morgan's silver trading in late 2010 and early 2011 reflected legitimate trading strategies;

- liquidity patterns on futures exchanges, including patterns of greater liquidity near the daily close of pit trading, and the opinion that making bids and offers during periods of high liquidity signifies an intent to actually trade in those periods;

- the need to account for both bids and asks (and executed trades), among other things, in assessing settlement prices for long-dated silver futures;

- the impact of silver producer hedging of future silver production, namely OTC borrowing, which causes more OTC borrowing and futures selling, resulting in downward pressure on the forward and futures curves;

- silver market trends and data, including dynamics in the silver market in 2010 and 2011, and the opinion that trends observed in 2010 and 2011 resulted from historically high silver prices, historically low interest rates, and hedging of future production by silver producers;

- risk management, personnel management and trader compensation on a precious metals desk;

- the computation of profit and loss in precious metals trading, including the opinion that for a desk engaged in arbitrage or hedging, profit and loss is not considered and cannot be considered on the basis of a portion of the instruments used for the arbitrage or hedging strategy.

Defendants make this identification based on the information reviewed and available as of the date of this disclosure.

-2-

Dated: March 1, 2018

/s/ Amanda F. Davidoff
Daryl A. Libow
Amanda F. Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Ave., N.W.
Suite 700
Washington, D.C. 20006-5215
Tel: 202-956-7500
Fax: 202-293-6330
libowd@sullcrom.com
davidoffa@sullcrom.com

Akash M. Toprani
Karl L. Bock
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Tel: 212-558-4000
Fax: 212-558-3588
toprania@sullcrom.com
bockk@sullcrom.com

*Counsel for Defendants JP Morgan Chase &
Co., J.P. Morgan Clearing Corp., J.P. Morgan
Securities LLC, and J.P. Morgan Futures, Inc.
(now known as J.P. Morgan Securities LLC)*