In re JPMORGAN CHASE & CO.
SECURITIES LITIGATION

Case No. 1:20-cv-05124-ENV-RML

The Honorable Eric N. Vitaliano

Served on August 31, 2021

**DEFENDANT CHRISTIAN TRUNZ'S REPLY**
**IN SUPPORT OF HIS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendant Christian Trunz joins in Sections I and IV of the concurrently served and filed Reply Memorandum in Further Support of Their Motion to Dismiss Plaintiffs' Second Amended Complaint by Defendants JPMorgan Chase & Co. ("JPMC"), James Dimon, and Marianne Lake. The arguments made there by those defendants in reply to Plaintiffs' Opposition to Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint ("Plaintiffs' Opposition") apply equally to Mr. Trunz.

In addition to adopting arguments made by his co-Defendants, Mr. Trunz notes that Plaintiffs' Opposition altogether fails to respond to the unique arguments raised in Mr. Trunz's Memorandum of Law in Support of His Motion to Dismiss the Second Amended Complaint ("Trunz Memo."). Mr. Trunz's opening memorandum explained that Plaintiffs' pleadings do not satisfy the most foundational requirement of a claim for securities fraud, that is, the Second Amended Complaint fails to identify any communication made by Mr. Trunz to JPMC shareholders, let alone a communication on which the shareholders could possibly have relied. *See* Trunz Memo. at 5 (quoting *Halliburton Co. v. Erica P. John Fund, Inc.* 573 U.S. 258 (2014) ("a plaintiff must prove that (1) the alleged misrepresentations were publicly known . . . If the misrepresentation was not publicly known, then it could not have distorted the stock's market price.")).

Rather than respond to Mr. Trunz's argument, Plaintiffs deflect by arguing that the Court cannot consider on a Rule 12(b)(6) motion Defendants' incontrovertible evidence that trades on the Globex platform are anonymous. Plaintiffs' Opposition at 29. But in so arguing, Plaintiffs fail to address that they themselves have the burden to state a claim. Although the established anonymity of Globex trades does indeed confirm that Mr. Trunz made no statement to JPMC shareholders that could be attributed to JPMC, the issue of taking judicial notice of that fact is

unnecessary given Plaintiffs' own failure to plead. The threshold issue is whether Plaintiffs have stated a claim; the U.S. Supreme Court's directive in *Iqbal* requires Plaintiffs to plead, with sufficient detail to be plausible, that Mr. Trunz's specific spoof trades were directed to JPMC shareholders, associable with JPMC and in fact attributed to JPMC, and relied upon by some JPMC shareholder somewhere for an understanding of "the actual value that JPMorgan ascribed to [] precious metals." Second Amended Complaint ¶ 222; Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

Neither the Second Amended Complaint nor Plaintiffs' Opposition even attempts to carry this most basic burden of identifying a single communication by Mr. Trunz to JPMC's shareholders, much less one whose purported false meaning could possibly have been relied upon in trading JPMC stock. Thus, Plaintiffs' attempt to state a claim against Mr. Trunz is legally deficient as a matter of basic pleading, and provides an independent basis for granting Mr. Trunz's motion to dismiss.

DATED:  August 31, 2021

Respectfully Submitted,

JENNER & BLOCK LLP

By:   /s/ Anthony S. Barkow

Anthony S. Barkow (No. TB1009)
Jeremy H. Ershow (No. 5432497)
JENNER & BLOCK LLP
919 Third Avenue
New York, NY  10022
Phone: (212) 891-1600
abarkow@jenner.com

Howard S. Suskin (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654
Phone: (312) 222-9350
hsuskin@jenner.com

*Attorneys for Defendant Christian Trunz*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 31, 2021, I caused a true and correct copy of the foregoing document to be served on all counsel of record in the above-referenced action via ECF.

/s/ *Jeremy Ershow*
Jeremy H. Ershow