**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE JPMORGAN CHASE & CO. SECURITIES LITIGATION | Case No. 1:20-cv-05124-ENV-RML **CLASS ACTION** ORAL ARGUMENT REQUESTED |
| This Document Relates To: ALL ACTIONS. | DATE OF SERVICE: JUNE 15, 2021 |

**DEFENDANTS GREGG SMITH AND MICHAEL NOWAK'S MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Gregg Smith and Michael Nowak respectfully submit this memorandum of law in support of their joint motion to dismiss Count 1 of Plaintiffs' Second Amended Complaint (Second Amended Complaint, ECF No. 29) (the "SAC" or "Complaint"), for failure to state a claim under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. The Complaint alleges that Defendants Nowak and Smith placed orders to buy and sell precious metals futures contracts from February 23, 2016 through August 2016, and that those orders constitute violations of the federal securities laws.[1] (Complaint ¶¶ 223, 224, 329). In support of their joint motion to dismiss Count I, Defendants Smith and Nowak rely on, join and incorporate herein the legal arguments in Section II of Defendants JPMorgan Chase & Co., James Dimon, and Marianne Lake's Memorandum of Law in Support of their Motion to Dismiss the Plaintiffs'

---

[1] The Complaint does not, and cannot, claim that Nowak or Smith played any role whatsoever in JPMorgan Chase & Co.'s allegedly misleading Form 10-K Disclosures.

Second Amended Complaint ("JPMorgan's Brief").  (*See* JPMorgan's Brief 36-42).  Defendants Smith and Nowak do not rely on, join or incorporate any arguments in the remainder of JPMorgan's Brief, nor do they adopt or take any position with respect to the factual characterizations or legal contentions stated therein.

Defendant Nowak also moves to dismiss Count II of the Complaint for failure to state a claim for control person liability pursuant to Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).  (Complaint ¶¶ 334, 336).  Control person liability requires "(1) a primary violation by the controlled person, (2) control of the primary violator by the defendant[s], and (3) that the defendant[s] [were], in some meaningful sense, . . . culpable participant[s] in the controlled person's fraud."  *ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).

As an initial matter, if there is no primary violation there can be no control person liability.  But in any event, plaintiffs do not and cannot allege control.  Plaintiffs have failed to allege that Nowak exercised actual control over any statement made by JPMorgan, and so, have failed to state a claim that Nowak "acted as a controlling person" of JPM within the meaning of Section 20(a).  *In re Blech. Sec. Litig.*, 961 F. Supp. 569, 586 (S.D.N.Y 1997) ("[a]ctual control is essential to control person liability.").  Furthermore, for the reasons stated in Section II of JPMorgan's Brief, Plaintiffs have failed to plead a primary violation of Section 10(b) of the Exchange Act, including because they have failed to plead that Nowak acted with the requisite scienter with respect to the placement of orders to buy and sell precious metals futures contracts. Therefore they have failed to allege that Nowak was a "culpable participant" in the purported fraud.  *Special Situations Fund III QP, L.P.* v. *Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 438 (S.D.N.Y. 2014) (culpable participation requires "particularized facts of [ ]conscious misbehavior or recklessness" (citations omitted)).

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the Second Amended Complaint in its entirety with prejudice, and without leave to amend.

Dated: June 15, 2021
New York, New York

Respectfully submitted,

/s/ Jonathan D. Cogan
Jonathan D. Cogan
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Jonathan.Cogan @kobrekim.com
(212) 488-1206
*Counsel for Gregg Smith*

/s/ Scott D. Musoff
Scott D. Musoff
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Scott.Musoff@skadden.com
(212) 735-3000
(212) 735-2000
*Counsel for Michael Nowak*