**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE JPMORGAN CHASE & CO. SECURITIES LITIGATION | Case No. 1:20-cv-05124-ENV-RML |
| | **CLASS ACTION** |
| This Document Relates To: | ORAL ARGUMENT REQUESTED |
| ALL ACTIONS. | |

**DEFENDANTS GREGG SMITH AND MICHAEL NOWAK'S REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Gregg Smith and Michael Nowak rely on, join in, and incorporate the legal arguments in Sections I and IV of Defendants JPMorgan Chase & Co., James Dimon, and Marianne Lake's Memorandum of Law in Further Support of Their Motion to Dismiss Plaintiffs' Second Amended Complaint ("JPMorgan's Reply").  Messrs. Smith and Nowak do not rely on, join in, or incorporate any arguments in the remainder of JPMorgan's Reply, and they do not take any position with respect to the factual characterizations or legal contentions stated therein.

Plaintiffs' Opposition to Defendants' Motions to Dismiss simply confirms that the Second Amended Complaint (SAC) fails to state a claim for control person liability against Mr. Nowak.  As an initial matter, and for the reasons set forth in Section I of JPMorgan's Reply and Section II of Executive Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiffs' Second Amended Complaint, Plaintiffs have failed to allege a primary violation and therefore cannot establish control person liability.

In support of their contention that Mr. Nowak exercised control over JPMorgan Chase & Co. ("JPM"), Plaintiffs contend that JPM has effectively conceded that he is a controlling person,

1

both in the *Shak* Litigation and its motion to dismiss the SAC.  (Plaintiff's Opposition ("Opp'n") at 54).  JPM has made no such concession in this case.  (JPMorgan's Reply at 27 n. 24).  And JPM's description of Mr. Nowak's supervisory responsibilities in connection with the *Shak* litigation – in particular "managing risk, overseeing implementation of and compliance with JPMorgan policies and procedures, and various managerial duties" (SAC ¶ 169) – plainly is insufficient to establish that he had "control" of JPM.  Plaintiffs do not, and cannot, allege that Mr. Nowak was an officer of JPM, or even an employee of that entity, which is alleged to be the primary violator; he was employed by affiliate JPMCB.  His responsibilities as a supervisor of a trading desk within that entity do not establish control over JPM's policies and procedures or the making of the public statements at issue as required by Section 20(a).  *See S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1473 (2d Cir. 1996) (Section 20(a) requires proof that the control person had the "'power to direct or cause the direction of the management and policies'" of the allegedly controlled entity); *see also Rich v. Maidstone Fin., Inc.*, No. 98 Civ. 2569, 2002 WL 31867724, at *11 (S.D.N.Y. Dec. 20, 2002) (allegations must establish "actual power or influence over" the corporate actions, which generally cannot be inferred from position in the organization).

Plaintiffs also do not allege that Mr. Nowak exercised actual control over any statement made by JPM, nor that he drafted, reviewed or provided any input into the allegedly misleading disclosures.  *See In Re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429, 469 (S.D.N.Y. 2005) (dismissing claim for control person liability for failure to sufficiently allege control of dissemination of allegedly misleading disclosures); *In Re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 433, 487 (S.D.N.Y. 2005); *In Re Blech. Sec. Litig.*, 961 F. Supp. 569, 586 (S.D.N.Y 1997) ("Actual control is essential to control person liability."); *see also* JPMorgan's Reply at

23.  Plaintiffs therefore have failed to adequately allege "control" of any purported primary violation for purposes of Section 20(a).

Finally, Plaintiffs argue that Mr. Nowak must be a culpable participant within the meaning of Section 20(a) due to JPM's admissions in a Deferred Prosecution Agreement with the Department of Justice concerning alleged spoofing on its precious metals trading desk by traders including Mr. Nowak.  (Opp'n at 54; SAC ¶ 289).  But JPM's admission in that agreement concerned an alleged scheme to defraud *other market participants* through the placement of orders to buy and sell precious metals futures contracts.  It has no bearing on, and plainly does not establish, Mr. Nowak's culpable participation in the fraud *on JPMorgan shareholders* through purportedly misleading disclosures that Plaintiffs allege here.  Plaintiffs have failed to plead any "particularized facts" to establish that Mr. Nowak acted with the requisite scienter, and thus, that he was a culpable participant in that alleged fraud; this is fatal to their Section 20(a) claim.  *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Bank of Am. Corp.*, 874 F. Supp. 2d 341, 368-69 (S.D.N.Y. 2012).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Second Amended Complaint in its entirety with prejudice, and without leave to amend.

Dated: August 31, 2021
New York, New York

                                                   Respectfully submitted,

/s/ Jonathan D. Cogan                  /s/ Scott D. Musoff

Jonathan D. Cogan                      Scott D. Musoff

KOBRE & KIM LLP                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

800 Third Avenue                       One Manhattan West

New York, NY 10022                  New York, NY 10001

Jonathan.Cogan @kobrekim.com      Scott.Musoff@skadden.com

(212) 488-1206                         (212) 735-3000

*Counsel for Gregg Smith*            (212) 735-2000

                                        *Counsel for Michael Nowak*