

# The Rosen Law Firm
## I N V E S T O R   C O U N S E L

Jacob A. Goldberg, Esq.
jgoldberg@rosenlegal.com

January 11, 2022

**VIA ECF**

Honorable Eric N. Vitaliano
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:**   *In re JPMorgan Chase & Co. Sec. Litig.*,
> <u>Case No. 1:20-cv-05124-ENV-RML (E.D.N.Y.)</u>

Dear Judge Vitaliano:

Together with Robbins Geller Rudman & Dowd LLP, we represent Plaintiffs City of Ann Arbor Employees' Retirement System, Julius Pappas, and Michiana Area Electrical Workers' Pension Fund ("Plaintiffs") in this putative securities fraud class action. The Second Amended Complaint for Violations of the Federal Securities Laws ("Complaint"), Dkt. No. 29, alleges that Defendants made materially false and misleading statements and omissions about JPMorgan Chase & Co.'s ("JPM" or "Company") use of precious metals futures contracts and valuation of precious metals. During the February 23, 2016 to September 23, 2020 Class Period, JPM admits that traders on its Precious Metals Trading Desk illegally "spoofed" tens of thousands of buy and sell orders for precious metals futures, subjecting JPM to hundreds of millions of dollars in fines and penalties. *See*, *e.g.*, Dkt. No. 29 at ¶233.

On May 21, 2021, Plaintiffs filed the Complaint. On August 31, 2021, Defendants filed their Motions to Dismiss, Plaintiffs' opposition thereto, and Defendants' reply briefs in further support. Dkt. Nos. 37-44. Among other arguments, Defendants JPM, James Dimon ("Dimon"), and Marianne Lake ("Lake," and collectively, the "JPM Defendants") assert that the Complaint fails to plead a strong inference of scienter. Plaintiffs oppose Defendants' Motions, asserting that the Complaint adequately pleads that the JPM Defendants acted with the requisite fraudulent intent.[1]

---

[1]   Defendants Michael Nowak, Gregg Smith, and Christian Trunz separately moved to dismiss. Plaintiffs' opposition addresses the dismissal motions of all Defendants. *See* Dkt. No. 38.

**THE ROSEN LAW FIRM, P.A. ♦ 101 GREENWOOD AVENUE, SUITE 440 ♦ JENKINTOWN, PA 19046 ♦ TEL: 215-600-2817 ♦ FAX: 212-202-3827**

On December 17, 2021, after the parties completed briefing on Defendants' Motions to Dismiss, the Commodity Futures Trading Commission ("CFTC") made public an Order Instituting Proceedings Pursuant to Section 6(c) and (d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Action (the "Order").[2] Fining JPM[3] $75 million, imposing a cease-and-desist order, and requiring JPM to remediate certain knowing violations of law, the CFTC charges and ***JPM admits*** that by no later than 2015 – meaning ***before the Class Period*** – JPM engaged in firm-wide recordkeeping and supervision failures "at all levels of authority." Order at 4. Specifically, in violation of JPM's obligation to "keep books and records described in subparagraph (B) open to inspection and examination by any representative of the [CFTC]," among other regulations,[4] JPM traders and executives "at senior levels" communicated using unauthorized devices. *Id.* at 3-4. The CFTC uncovered these recordkeeping violations from third parties while investigating JPM trading. *Id.* at 3. The CFTC received copies of the third parties' communications with JPM traders that were from unauthorized personal communications devices. *Id.* JPM did not provide those communications because it failed to "collect, or maintain, its employees' messages over unapproved channels on personal devices." *Id.* at 2.

In April 2021, CFTC staff confronted JPM about its traders' use of unapproved communications methods. *Id.* In response, JPM admitted that it failed to monitor, review, or archive texts, emails, or WhatsApp messages on personal devices. *Id.* JPM further admitted that "the firm was aware of widespread and longstanding use by JPMorgan employees of unapproved methods to engage in business-related communications." *Id.* After investigating, the CFTC discovered that JPM "employees, including those at senior levels, communicated both internally and externally on unapproved channels . . . ." *Id.* Because JPM failed to maintain any of these communications, it was unable to furnish them to the CFTC in response to investigative demands. *Id.* at 2-4. JPM admits that it knowingly failed to "maintain adequate internal controls with respect to business-related communications on non-approved communication methods." *Id.* at 2.

The JPM Defendants argue that notwithstanding particularized allegations of pervasive spoofing, no Defendant was reckless. Dkt. No. 37-1 at 22. Recklessness includes, however, "fail[ing] to check information [defendants] had a duty to monitor[.]" *Novak v. Kasaks*, 216 F.3d 300, 311 (2d Cir. 2000). JPM admits that not only was the practice of illegally using unapproved communications methods and failing to maintain adequate books and records well-known within the Company, but supervisors, managing directors, and executive directors—"the very people responsible for supervising JPM[]'s employees to prevent this misconduct—routinely communicated using unapproved channels on their personal devices." Order at 4. As a result, JPM

---

[2] Plaintiffs attach hereto the Order, in whole, as Exhibit A. The Securities and Exchange Commission ("SEC") separately imposed a $125 million fine for the same conduct (see Exhibit B). Thus, JPM's record-keeping failures resulted in a $200 million penalty.

[3] Further supporting Plaintiffs' argument that JPM is fully responsible for the actions of its subsidiaries, the Order defines JPM to include JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC, and J.P. Morgan Securities plc. *See* Dkt. No. 38 at 31.

[4] In addition to legal and regulatory violations, the CFTC found that conducting business on personal devices violated JPM's policies and procedures, which prohibited such use. Order at 4.

admits that it failed to maintain communications in connection with its commodities business.[5] Because this Court can impute the widespread knowledge of these practices to JPM, the Company's admissions render at least JPM reckless by its senior-level employees' failure to diligently supervise traders' communications about transactions. *See*, *e.g.*, *Loreley Financing (Jersey)3 Ltd. v. Wells Fargo Sec., Inc.*, 797 F.3d 160, 177-178 (2d Cir. 2015) (reversing and vacating dismissal, in part, imputing managing directors' knowledge to corporation and ruling complaint adequately pleaded scienter).

Finally, if the Court finds that the Complaint, as pleaded, fails adequately to allege Defendants' scienter—and it does not fail—the Court should consider the facts contained in the Order and recited herein as part of the grounds raised by Plaintiffs for why granting leave to amend is appropriate. *See* Dkt. No. 38 at 54-55.[6]

Respectfully submitted,

/s/ *Jacob A. Goldberg*
Jacob A. Goldberg

cc:   All counsel of record (via ECF)

---

[5] During fact discovery, Plaintiffs reserve all rights to make a motion for spoliation under Fed. R. Civ. P. 37(e) and seek sanctions against the JPM Defendants. *See, e.g.*, *Mule v. 3-D Bldg. & Constr. Mgmt. Corp.*, 2021 U.S. Dist. LEXIS 124711 (E.D.N.Y. July 2, 2021) (imposing spoliation sanctions where, as here, the destruction of electronically-stored information came from a "conscious dereliction of a known duty to preserve electronic data.").

[6] After opposing Defendants' motions to dismiss, the criminal trial for Michael Nowak and Gregg Smith was re-scheduled to commence on July 5, 2022, from October 18, 2021, due to COVID-19 concerns. *See* Dkt. No. 38 at 55.

THE ROSEN LAW FIRM, P.A. ♦ 101 GREENWOOD AVENUE, SUITE 440 ♦ JENKINTOWN, PA 19046 ♦ TEL: 215-600-2817 ♦ FAX: 212-202-3827