**Robbins Geller Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Michael G. Capeci
mcapeci@rgrdlaw.com

August 23, 2022

VIA ECF

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *In re JPMorgan Chase & Co. Sec. Litig.*, No.: 1:20-cv-05124-ENV-RML

Dear Judge Vitaliano:

Together with The Rosen Law Firm, P.A., we represent Plaintiffs City of Ann Arbor Employees' Retirement System, Julius Pappas, and Michiana Area Electrical Workers' Pension Fund ("Plaintiffs") in this putative securities fraud class action. Defendants' Motions to Dismiss (ECF Nos. 37, 40, 42) Plaintiffs' Second Amended Complaint ("SAC," ECF No. 29) are pending.[1]

Plaintiffs write to inform the Court that on August 10, 2022, a jury in the criminal case against defendants Nowak and Smith found them guilty of spoofing, commodities fraud, multiple counts of wire fraud, and attempted price manipulation. *See* ECF No. 38 at 10; ECF No. 45 at 3 n.6; Crim. ECF No. 673.

The criminal convictions of Nowak and Smith, combined with Trunz's 2019 guilty plea (¶¶131, 259-61, 266-70), mean there is no longer any doubt that each of the Trader Defendants acted with "some degree of intent, or scienter, beyond recklessness" (¶81), *i.e.*, actual knowledge, in making thousands of spoofed trades to benefit JPM before and during the February 23, 2016 to September 23, 2020 class period ("Class Period"). *See* ECF No. 38 at 33-35. Likewise, Nowak's conviction renders moot his argument that the SAC fails to allege culpable participation under Section 20(a). *Id.* at 53-54. And these convictions further support a finding that each of the Trader Defendants' spoofed trades were materially false and misleading statements that were made by agents of JPM to benefit the Company. *Id.* at 27-31.

---

[1]    "ECF" refers to docket entries in this lawsuit. "Crim. ECF" refers to docket entries in *USA v. Smith, et al.*, No. 1:19-cr-00669-EEC (N.D. Ill.). All undefined capitalized terms have the same meanings described in the Table of Abbreviations included in Plaintiffs' Opposition to Defendants' Motions to Dismiss Plaintiffs' SAC. *See* ECF No. 38. Plaintiffs cite to the SAC as "¶__."

58 South Service Road    Suite 200    Melville, NY 11747    Tel 631-367-7100    Fax 631-367-1173    rgrdlaw.com

**Robbins Geller
Rudman & Dowd** LLP

The Honorable Eric N. Vitaliano
August 23, 2022
Page 2

In addition, the criminal trial revealed previously unknown facts that further support a finding of scienter against defendants Nowak, Smith, and JPM, at least, including, *inter alia*, that:

- In August 2015, Nowak was included on an email "between compliance personnel and senior executives at JPMorgan" regarding the fact that "JPMorgan's management continued to analyze and scrutinize Smith's trading" (Crim. ECF No. 613 at 4), demonstrating that JPM senior executives were aware of spoofing by Smith before the Class Period;

- Between September 10, 2015 and April 16, 2016, John Tribolati ("Tribolati"), JPM's General Counsel for the Company's European, Middle East, and Africa segment, was included on at least 11 emails that discussed the CME's investigation into Smith (Crim. ECF No. 519-2 at 1-4), demonstrating that a member of JPM's senior management knew Smith was spoofing by the start of the Class Period;[2]

- Trunz's spoofing between April and July 2016 triggered internal surveillance alerts within JPM's compliance and human resources functions by no later than August 2016 (Crim. ECF No. 500 at 3, entries 16-18);

- Smith filed a motion to compel on "JPMorgan Chase & Co.," *i.e.*, JPM – meaning not the Bank – to obtain documents relevant to his defense. *See* Crim. ECF No. 519. In opposing this motion in June 2022 – after JPM filed its motion to dismiss here (ECF No. 37-1) – JPM, who was represented by the same law firm as in this action, admitted that "[i]n September 2013, [JPM] became aware that the CME had initiated an investigation into Mr. Smith's trading activity . . ." (Crim. ECF No. 528 at 2), and that JPM and Smith were jointly represented by outside counsel in connection with the CME's 2013 investigation into Smith (*id.* at 4; *cf.* ECF No. 38 at 12); and

- The Desk's email address was "Precious_Metals_Trading@jpmchase.com" (Crim. ECF No. 501 at 9, entry 124, 23, entry 332), the same @jpmchase.com email domain used by, *inter alia*, JPM's Corporate Secretary, further demonstrating that the Trader Defendants and the rest of the Desk were agents of JPM during the Class Period. *See* Ex. A at 11

---

[2]   Since at least March 2021, Tribolati has served as JPM's Corporate Secretary, meaning he is among the most senior officers of the Company. *See* https://www.jpmorganchase.com/about/our-leadership (last visited August 22, 2022).

**Robbins Geller
Rudman & Dowd** LLP

The Honorable Eric N. Vitaliano
August 23, 2022
Page 3

> (attached hereto is an excerpted true and correct copy of JPM's April 7, 2016 Form DEF14A, which listed "corporate.secretary@jpmchase.com" as the contact for investors to nominate candidates to JPM's board of directors).

These facts the criminal case established – that were previously unknown to Plaintiffs – further demonstrate that the Trader Defendants' illegal spoofing was knowable to JPM's senior management by the start of the Class Period and was undertaken to benefit JPM. *See* ECF No. 38 at 3-5, 8-14, 24-25. Thus, these facts bolster the already strong inferences of scienter the SAC alleges against defendants Nowak, Smith, and JPM, at least. *See id.* at 33-43.[3]

Moreover, as Plaintiffs alleged in the SAC, JPM is contractually prohibited from contradicting the SOF incorporated into the DPA, in which JPM admitted that the Desk (including the Trader Defendants) "engaged in a scheme to defraud in connection with the purchase and sale of precious metals futures contracts . . ." and that Nowak was the ringleader of these efforts. ¶¶287-289. Likewise, Trunz pleaded guilty in 2019 to conspiracy to engage in spoofing (¶¶266-68), and Edmonds pleaded guilty in 2018 to conspiracy to engage in spoofing. ¶¶259-60. In other words, it cannot be disputed that JPM and two members of the Desk admit that there was a criminal spoofing conspiracy at JPM before and during the Class Period. Accordingly, while Nowak and Smith were acquitted of RICO and conspiracy charges (Crim. ECF No. 673), these verdicts do not undermine Plaintiffs' securities fraud claims, which are not predicated on a finding that Nowak or Smith violated the RICO statute. *See, e.g.*, ¶¶227, 231, 257.

Likewise, with respect to Plaintiffs' scheme liability claims (ECF No. 38 at 31-32), because the burden of proof in civil cases is lower than in criminal cases, and because Plaintiffs' allegations – based on the incontrovertible admissions of JPM, Trunz and Edmonds – must be taken as true at this juncture (*id.* at 15), the RICO acquittals do not support dismissal. The RICO acquittals are also irrelevant to whether loss causation has been adequately alleged for the September 16, 2019 disclosure because the new information revealed on that date was the fact that the DOJ had indicted on RICO charges, not that those charges would result in convictions. *Id.* at 50-51.

Finally, if the Court finds that the SAC, as pleaded, fails to adequately allege actionable securities fraud claims, Plaintiffs respectfully reiterate their request that the Court grant leave to amend the SAC to include new facts – unavailable to Plaintiffs at the time of the SAC – supporting a strong inference that defendants Nowak, Smith, and JPM, at least, acted with scienter. *See* ECF No. 38 at 54-55.

---

[3] JPM and the Executive Defendants concede that public information contained on a federal court docket can be considered by the Court on the motions to dismiss. *See* ECF No. 37-1 at 7 n.3.

**Robbins Geller
Rudman & Dowd LLP**

The Honorable Eric N. Vitaliano
August 23, 2022
Page 4

Respectfully submitted,

*/s/ Michael G. Capeci*

MICHAEL G. CAPECI

cc:      All Counsel of Record (via ECF)